Estate of Louis D. Markwell, Deceased, B. J. Birk, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 91854. Promulgated June 9, 1939.

*Alex P. Greenthal, Esq.,* for the petitioner.

*Owen W. Swecker, Esq.,* and *Emil J. Nelson, Esq.,* for the respondent.

OPINION.

HARRON: Petitioner contends that property rights vested in Ruth M. Birk in 1909, transferring property of decedent to her as of that date. Petitioner argues that the estate tax law is not applicable therefore to property received by Ruth M. Birk after decedent's death upon the theory that no estate tax may be levied upon transfers of property made prior to the enactment of Federal estate tax laws. In the alternative, petitioner contends that section 804 of the Revenue Act of 1932, defining the term "money or money's worth" in section 303 of the Revenue Act of 1926 as amended, is not applicable and that petitioner is entitled to deduct the amount of a claim awarded to Ruth M. Birk and paid to her under section 303. Petitioner contends that the claim was founded on an agreement for adequate consideration in money or money's worth.

We find little merit in petitioner's first contention. The agreement in 1909 was only that decedent's daughter should receive, upon his death, at least one-half of all property of which decedent should die seized. In 1909 it was not possible to ascertain what that property would be and no property was described or defined in the agreement. The promise was contingent upon compliance with other provisions in the agreement by the other parties and upon decedent's owning any property at his death. It is not material that decedent agreed, also, that he would not intentionally diminish substantially the amount of

property that otherwise would go to his daughter at his death. This was no more than a promise not to defeat or nullify the main promise, i. e., not to disinherit at law his daughter by conveying title to property to others. Unquestionably decedent retained full title to all property he owned or acquired after 1909 until his death. On the other hand, if he died possessed of no property through no fault of his own or deliberate scheme to prevent property passing to his daughter, she would receive nothing. During decedent's life, the daughter had no present right to receive any property. Her right to receive property accrued at the death of decedent and not before. It is concluded that no property passed to Ruth M. Birk in 1909. There is no question in this proceeding as to the application of the Federal estate tax laws. They clearly apply to decedent's estate.

The agreement made in 1909 was essentially testamentary in nature. The agreement that Ruth should receive one-half of decedent's property upon his death could have been carried out by devise by will of Louis D. Markwell. He made a will but did not include in it a bequest directly to Ruth of one-half of his property. Having so failed to provide, decedent did not comply with the agreement made in his lifetime. The obligation to so provide for Ruth was a contractual obligation, and in consideration therefor the mother of Ruth relinquished all marital claims she had in the property of Louis D. Markwell. She relinquished her dower rights and decedent acquired rights he would not have had otherwise. That was the only consideration material here; at least, Ruth, not a party to the contract but a third party beneficiary, did not give any separate consideration. At the time decedent died he was not indebted to Ruth in any way. Clearly, then, Ruth had a claim against decedent's estate arising out of a breach of contract. She sued for specific performance after decedent's death. The Milwaukee County Court in probate recognized the claim and directed satisfaction either by distribution of property or by payment in cash, at the claimant's option. It is concluded that, after decedent's death, Ruth M. Birk had a claim against the estate which she acted upon by way of a suit for specific performance. We are satisfied that the claim was against the estate within the meaning of the term "claim" as used in section 805, recognizing the distinction to be made between a claim to a distributive share in an estate and a claim against an estate, as pointed out in *Latty* v. *Commissioner*, 62 Fed. (2d) 952. The distinction between that case and this proceeding is that, here, the claimant brought a suit on a contractual right where the contract obligation was not carried out. We think that, here, Ruth M. Birk's claim was adverse to the estate.

This brings us to the main question, whether the claim is such claim as Congress has allowed to be deducted from gross estate. It has

been decided that the enactment of section 804 in the Revenue Act of 1932, set forth below,[1] operated only to define by limiting the term "money or money's worth" already in the statute in section 303 (a) (1) of the Revenue Act of 1926 as amended by section 805 of the Revenue Act of 1932.[2] *Sheets* v. *Commissioner*, 95 Fed. (2d) 727. Under that decision, unquestionably, the amendments enacted in the Revenue Act of 1932 apply to decedent's estate, decedent having died subsequent thereto. It follows that the claim of Ruth M. Birk against decedent's estate was not one for which there was consideration in "money or money's worth" within the intendment of the statute. It is held that the claim was not deductible and respondent is sustained.

The cases of *Schwab* v. *Doyle*, 258 U. S. 529; *Nichols* v. *Coolidge*, 274 U. S. 531; *Coolidge* v. *Long*, 282 U. S. 582, and related cases, relied upon by petitioner, are plainly distinguishable. In those cases there were irrevocable transfers of property antedating the statutes and it was held by the Court that the estate tax statutes could not be applied retroactively. The cases of *Estate of Eben B. Phillips*, 36 B. T. A. 752, and *Estate of George Tuttle Brokaw*, 39 B. T. A. 783, are also distinguishable. In those cases section 804 of the Revenue Act of 1932 was held not to be controlling. In each of those cases the child of the decedent was a minor at the date of his death, and part of the consideration for transfer of property was release of the legal obligation of decedent to support his child. The right of the wife and child was of value and so was the discharge of the obligation, and claims against the estate were held deductible. Here, Ruth M. Birk had attained her majority at the date of her father's death and all his legal obligation to support her had since terminated.

The deficiency should be reduced by giving credit for state taxes paid upon recomputation under Rule 50.

*Decision will be entered under Rule 50.*

---

[1] SEC. 804. RELINQUISHMENT OF DOWER, ETC., AS CONSIDERATION.

Section 303 (d) of the Revenue Act of 1926 is amended by adding at the end thereof a new sentence to read as follows:

"For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth'."

[2] SEC. 805. DEDUCTIONS.

Section 303 (a) (1) of the Revenue Act of 1926, as amended, is amended to read as follows:

"(1) Such amounts—
  "(A) for funeral expenses,
  "(B) for administration expenses,
  "(C) for claims against the estate,

\*　　\*　　\*　　\*　　\*　　\*　　\*

\* \* \* The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. \* \* \*